**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BAYONG BROWN BAYONG and** | : | |
| **AHMED ADEM** | : | |
| | : | |
| **Plaintiffs,** | : | **COMPLAINT** |
| | : | |
| **v.** | : | **Judge _____** |
| | : | |
| **COUNTY OF BUTLER, OHIO;** | : | |
| **THE BUTLER COUNTY BOARD OF** | : | **Case No. 1:20-cv-989** |
| **COMMISSIONERS; BUTLER COUNTY** | : | |
| **JAIL; CORRECTION OFFICERS** | : | |
| **A. ROBERTS, L. BROWNING,** | : | **JURY DEMAND** |
| **AND BLANKTON.** | : | **ENDORSED HEREON** |
| | : | |
| **Defendants.** | : | |

Plaintiffs Bayong Brown Bayong ("Mr. Bayong") and Ahmed Adem ("Mr. Adem"), by and through their attorneys, file this civil rights Complaint against Butler County, Ohio; The Butler County Board of Commissioners; Butler County Jail ("Butler Co. Jail"); A. Roberts; and L. Browning, and allege as follows:

**PRELIMINARY STATEMENT**

1.     Mr. Bayong, a refugee from Cameroon, came to the United States to escape brutal conditions in his own country, with hope for safety. Instead, he continues to be physically beaten by correctional officers while detained by ICE for civil immigration detention at Butler County Jail. One of the beatings was so brutal that Mr. Bayong lost his front tooth. The guards continue to make threats such as "I hope you die bitch" and, after being pushed down the stairs, "When you get down the stairs, I am going to beat all the teeth from your mouth."

2.     Mr. Adem has lived in the United States since he was young. He was born in Somalia and is of Ethiopian descent. He considers the United States to be his home. He is an

1

observant Muslim. He has been repeatedly physically beaten by correctional officers while detained by ICE for civil immigration detention at Butler County Jail. During the same guard beating where Mr. Bayong lost his front tooth, Mr. Adem was beaten until his face was swollen, and a correctional officer grabbed his prayer rug and almost stuffed it into a toilet before another correctional officer intervened.

3.       The beatings are ongoing. After an October 28, 2020 visit from Mr. Bayong's attorney, Mr. Bayong was beaten again. This is at least the third time that guards have beaten Mr. Bayong inside Butler County Jail. Correctional officers at Butler County Jail have beaten up Mr. Adem at least two times. Local nonprofits are extremely concerned that Mr. Bayong and Mr. Adem are in immediate danger.

4.       Mr. Bayong is still in immediate danger and is suffering ongoing harm. Plaintiffs are likely to suffer irreparable harm or death if they do not receive a preliminary injunction. The threat of hardship to Plaintiffs is substantial and imminent, while the requested relief is the least invasive action that would uphold their constitutional rights.

5. This lawsuit arises out of the inadequate training and oversight of staff at Butler County Jail and the cruel and unusual punishment that was a direct result, which occurred to Mr. Bayong and Mr. Adem when there were confined by ICE to civil immigration detention at Butler County Jail.

## PARTIES

6.       Mr. Bayong is a refugee from Cameroon. Mr. Bayong is currently detained in immigration detention at Butler County Jail in Hamilton, Ohio.

7.       Mr. Adem was originally born in Somalia. Mr. Adem was transferred to immigration detention at Calhoun County Jail in Battle Creek, Michigan on or about December

1, 2020. Previously, he was an immigrant detainee at Butler County Jail in Hamilton, Ohio from July 1, 2020 to around December 1, 2020.

8.     Defendants Butler County and the Butler County Board of Commissioners are units of local government in the State of Ohio. They operate the Butler County Jail, and through their senior officials, promulgate and implement policies governing the provision of inmate supervision for people confined to Butler County Jail.

9.     Defendant Butler County Jail is a county jail. It contracts with ICE to confine people in civil immigration detention.

10.    A. Roberts is currently employed as a corrections officer at Butler County Jail in Hamilton, Ohio.

11.    L. Browning is currently employed as a corrections officer at Butler County Jail in Hamilton, Ohio.

12.    Officer Bankton is currently employed as a corrections officer at Butler County Jail in Hamilton, Ohio.

## JURISDICTION AND VENUE

13.    This action is brought, in part, under the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 to redress Defendants' deprivation of Mr. Bayong and Mr. Adem's constitutional rights.

14.    Jurisdiction is conferred to this Court by 28 § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

15.    Venue lies properly with this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## FACTS

16.     On the morning of October 20, 2020, Mr. Bayong requested medical attention as he was feeling ill.

17.     Later in the morning, five or six corrections officers including L. Browning ("Browning"), A. Roberts ("Roberts"), and Officer Blankton ("Blankton") entered Mr. Bayong's cell, Cell 20, which he shared with another cellmate, Mr. Adem.

18.     Officers told Mr. Bayong and his cellmate to pack up their belongings because they were to be taken to isolation.

19.     Mr. Adem was concerned about being moved to a place where he could become infected with COVID-19, as he was not even feeling sick.

20.     Mr. Adem asked the officers why the two cellmates needed to be moved to isolation. Instead of addressing Mr. Adem's concerns, or responding to Mr. Bayong's illness, the officers responded by becoming violent.

21.     The officers responded by beating and yelling at Mr. Bayong.

22.     Mr. Bayong was thrown on the ground and beaten. Mr. Adem was also thrown to the ground, and he was beaten by Officer Blankton and A. Roberts. Blood from the beating to Mr. Adem's face soaked into the mask he was wearing during the attack. He saved the bloodied mask and gave it to Attorney Zachary Sanders ("Attorney Sanders"). The bloodied mask is currently in the possession of Attorney Sanders, and Attorney Sanders also took a picture of it. Exhibit A, Photo of Mr. Adem's Bloodied Mask.

23.     During the incident, Correction Officer Roberts called Mr. Adem a "fucking terrorist" and picked up his prayer rug and almost stuffed it into the toilet. Right before he began stuffing it into the toilet, another officer convinced him not to do this.

24.     After the beating incident, one of the officers came out of Cell 20 and started threatening all the detainees stating, "If any other detainee has a problem, say it, and I will beat the fuck out of you."

25.     Mr. Bayong was then brought in handcuffs and made to sit on the dayroom table. Correction Officer Roberts continued to be verbally abusive, telling Mr. Bayong that he was going to kill him and to continue beating him.

26.     Correction Officer Roberts took Mr. Bayong to an empty cell in insolation in H-pod and, in the presence of two other officers, punched Mr. Bayong with closed fists all over his face and head. Afterwards, Mr. Bayong realized he had lost a tooth from the beatings. On or about November 19, 2020, Attorney Ericka Curran was able to meet with Mr. Bayong and take a photo documenting Mr. Bayong's missing tooth. Exhibit B, Photo of Mr. Bayong's Missing Tooth.

27.     This was not the first time that this happened in recent history at Butler County Jail, and instead it suggests a pattern of behavior.

28.     On August 17, 2020, Browning and a few other corrections officers beat Mr. Bayong in his cell, pushed him down the stairs, then dragged him across the gym to isolation.

29.     The impact from falling down the stairs caused Mr. Bayong to hit his head.

30.     The officers used loud, abusive language targeting Mr. Bayong throughout the August 17 assault.

31.     Mantas Petrauskas witnessed parts of both the October 20 and August 17 assaults, including seeing that Mr. Bayong was pushed down the stairs by a correction officer, causing Mr. Bayong to hit his head.

32.     On October 28, 2020, Attorney Sanders met with Mr. Bayong. He saw the lost tooth from the October 20, 2020 incident and the black eye that Mr. Bayong had sustained. Mr. Bayong still had a bandage on his neck and his neck was still swollen from the October 20, 2020 incident. As Attorney Sanders was leaving, Mr. Bayong was again assaulted by Officer A. Roberts.

33.     When Mr. Adem first arrived at Butler County Jail and was being processed, he had not eaten for a long time and asked correctional officers about getting food. This angered the officers and they forced Mr. Adem into a dressing room and beat him up. Then, the correction officers filed a false report saying Mr. Adem had assaulted them. He spent 30 days in solitary confinement for the officer's untrue allegations regarding the false report. Butler County Jail took an ID photo of Mr. Adem immediately after the beating, in which there is visible swelling around his left eye.

34.     While at Butler County Jail, officers called Mr. Bayong and Mr. Adem numerous racial epithets, including "dirty Africans," "monkeys," and "goats." An officer told Mr. Adem, "This is not your country, you have no rights here."

35.     Mr. Bayong and Mr. Adem were under Defendants' care, custody, and control during the incidents in question. Mr. Bayong and Mr. Adem were thus wholly dependent on the Defendants' care.

36.     The Applicable Standard of Care, Policies, and Guidelines required Butler County Jail to provide Mr. Bayong and Mr. Adem with adequate protections against guards' excessive use of force.

37.     Defendants failed to comply with ICE's *Performance-Based National Detention Standards*.

6

38.     Butler County Jail was contractually bound to comply with ICE's *Performance-Based National Detention Standards* ("National Detention Standards") when they contracted with ICE to confine people in civil immigration detention. The National Detention Standards are designed to ensure that people in ICE custody, including those confined to county jails like Butler County Jail, receive safe detention. An objective of the National Detention Standards is to ensure that physical force shall only be used when both necessary and reasonable.

39.     The National Detention Standards require that the use of force in detention facilities is never used as a punishment, that the staff shall attempt to gain a detainee's willing cooperation before using force, and that staff shall use only that amount of force necessary.

40.     The National Detention Standards require that Detainees subject to use of force shall be seen by medical staff as soon as possible. If the use of force results in an injury or claim of injury medical evaluation shall be obtained and appropriate care provided.

41.     The National Detention Standards require ongoing training, to occur annually at a minimum to include cultural diversity training.

42.     The following acts are prohibited . . . "1. Striking a detainee when grabbing or pushing him . . .  would achieve the desired result; 2. Using force against a detainee offering no resistance . . ."

43.     The National Detention Standards require a use-of-force team technique when a detainee must be forcibly moved during a calculated use of force. This technique requires that "before using the calculated use of force, the on-site ranking detention official, a designated health professional, and others as appropriate shall assess the situation."

44.     In addition, when injury occurs, the staff member must immediately prepare an incident report. The detainee will be referred immediately to a medical staff for an examination.

7

45.    An employee is required to submit a written report no later than the end of his or her shift when force was used on any detainee for any reason.

46.    Butler County Jail had a Custom, Policy, and Practice for their use of force on detainees.

47.    Defendants' failure to provide adequate practices to ensure safe use of force for Mr. Bayong and Mr. Adem is appalling and conforms with a disturbing pattern and practice of civil rights violations. Defendants have repeatedly taken action and failed to take action that result in serious injury and threat of death for people in civil immigrant detention.

48.    Defendants were well aware of the systemic failure regarding excessive force at Butler County Jail. Reports detail numerous incidents of excessive force at Butler County Jail. For many years, Butler County Jail has had the custom, policy, and practice of providing inadequate training regarding the excessive use of force on people confined at Butler County Jail.

49.    Defendants Butler County, Butler County Board of Commissioners, Butler County Jail failed to properly train and supervise the staff at Butler County Jail, which resulted in Defendants failing to provide a reasonable standard of care to Mr. Bayong and Mr. Adem throughout their detention, and violating their civil rights.

## <u>COUNT ONE</u>

### FEDERAL CIVIL RIGHTS VIOLATIONS
### ALL DEFENDANTS

50.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

51.    Defendants are persons for the purposes of 42 U.S.C. § 1983.

52.    At all relevant times, all Defendants were acting under color of state law.

53. The Due Process Clauses of the Fifth and Fourteenth Amendment guarantees the right to reasonable use of force to people held in civil immigrant detention.

54. The constitutional rights of people in civil immigrant detention are at least as great as those of people who have been criminally convicted. At time, courts have recognized the rights of people in civil or pre-trial detention as greater than those of people who have been criminally convicted.

55. The Eighth Amendment protects prisoners from cruel and unusual punishment by prison officials.

56. The force shown by the corrections officers to Mr. Bayong and Mr. Adem at Butler County Jail was objectively unreasonable.

57. The force differed from the reasonable force as proscribed by The National Detention Standards.

58. The conduct was harmful and sufficiently serious to reach constitutional dimensions. The threats, "I hope you die bitch" and, after being pushed down the stairs, "When you get down the stairs, I am going to beat all the teeth from your mouth" demonstrate a culpable state of mind on behalf of the guards.

59. The threat of death and the racist beatings are conduct that is repugnant to the conscience of mankind.

60. The actions of Defendants described herein are incompatible with evolving standards or decency and involve the unnecessary and wanton infliction of pain.

61. The force purposefully or knowingly used against Mr. Bayong and Mr. Adem was objectively unreasonable, and violated Plaintiffs' Fifth, Eighth, and Fourteenth Amendment rights.

## COUNT TWO

FEDERAL CIVIL RIGHTS VIOLATIONS BY DEFENDANTS BUTLER COUNTY, THE
BUTLER COUNTY BOARD OF COMMISSIONERS, AND BUTLER COUNTY JAIL

62.     Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

63.     The Eighth Amendment protects prisoners from cruel and unusual punishment by
prison officials and the Due Process Clause of the Fifth and Fourteenth Amendments guarantees
the right to protection from unreasonable use of force to people held in civil immigration
detention. To protect against cruel and unusual punishment and ensure only reasonable use of
force, a detention provider must ensure that its staff is adequately trained and supervised.

64.     The constitutional rights, including the right to protection from cruel and unusual
punishment, of people in civil immigrant detention are clearly established, and any reasonable
supervisor at a facility confining people in civil immigrant detention would be aware that people
confined to civil immigrant detention have the right to be free from cruel and unusual
punishment.

65.     Butler County, Butler County Board of Commissioners, and Butler County Jail
adopted, enforced, and acquiesced to a policy, custom, or practice of failing to adequately train
and supervise staff at Butler County Jail.

66.     The need for proper supervision and training was obvious and the pattern of
constitutional violations was so pervasive that the failure to supervise and train constituted
deliberate indifference.

67.     As a direct and proximate result of Butler County, Butler County Board of
Commissioners, and Butler County Jail's policy, custom, or practice of failing to adequately
supervise and train staff at Butler County Jail, Mr. Bayong and Mr. Adem suffered constitutional
injury and were subjected to cruel and unusual punishment.

68. Because of these violations of Mr. Bayong and Mr. Adem's constitutional rights, they are entitled to compensatory and punitive damages from Butler County, Butler County Board of Commissioners, and Butler County Jail under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Issue a judgment against Defendants in an amount to be determined at trial, including compensatory and punitive damages in an amount that is fair, just, and reasonable;

b. Award Plaintiffs the cost of this action;

c. Award Plaintiffs pre- and post-judgment interest; as permitted by law;

d. Award Plaintiffs reasonable attorneys' fees;

e. Declare:

   i. Defendants have a custom, policy, or practice of failing to adequately supervise and train staff at Butler County Jail with deliberate indifference to those individuals' rights.

   ii. Defendants caused Plaintiffs' injuries in violation of the Eighth Amendment right to protection from cruel and unusual punishment and the Fourteenth Amendment's Due Process Clause.

   iii. Defendants' failure to adequately supervise and train staff in excessive force resulted in the physical pain and suffering, severe emotional distress, and permanent physical injury to Mr. Bayong and Mr. Adem; and

f. Grant Plaintiffs injunctive relief to protect their safety; and

g. Grant Plaintiffs such other relief as the Court deems appropriate and just.

Respectfully submitted,

/s/ John C. Camillus
John C. Camillus (0077435)
Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio  43214
(614) 992-1000
(614) 559-6731 (Facsimile)
jcamillus@camilluslaw.com

Amy E. Norris (pro hac vice forthcoming)
NORRIS LAW GROUP
616 E Street N.W.
Suite 1156
Washington, DC 20004
(202) 830-1225
amy@mwlc.org

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable under law.

/s/ John Camillus
John Camillus (0077435)

Dated: December 8, 2020