IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Bayong Brown Bayong and Ahmed Adem | : | |
| | : | Case No. 1:20-cv-00989 |
| Plaintiffs, | : | Judge Timothy S. Black<br>Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| County of Butler, Ohio, *et al.* | : | ***Jury Demand Endorsed Hereon*** |
| | : | |
| Defendants. | | |

## ANSWER OF DEFENDANTS COUNTY OF BUTLER, OHIO, THE BUTLER COUNTY BOARD OF COMMISSIONERS, BUTLER COUNTY JAIL, AND CORRECTIONS OFFICERS A. ROBERTS, L. BROWNING, AND "BLANKTON" TO PLAINTIFFS' COMPLAINT

Now come Defendants, County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton," by and through counsel, and for their answer to Plaintiffs' Complaint herein state as follows:

1. As to paragraph 1 of Plaintiffs' Complaint, the answering Defendants deny for want of knowledge the allegation that "Mr. Bayong, a refugee from Cameroon, came to the United States to escape brutal conditions in his own country, with hope for safety." The answering Defendants deny the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. As to paragraph 2 of Plaintiffs' Complaint, the answering Defendants deny the allegations that Mr. Adem "has been repeatedly physically beaten by correctional officers while detained by ICE for civil immigration detention at Butler County Jail" and that "[d]uring the same

guard beating where Mr. Bayong lost his front tooth, Mr. Adem was beaten until his face was swollen and a correctional officer grabbed his prayer rug and almost stuffed it into a toilet before another correctional officer intervened." The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. The answering Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. The answering Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. The answering Defendants deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. As to paragraph 6 of Plaintiffs' Complaint, the answering Defendants deny that "Mr. Bayong is currently detained in immigration detention at [the] Butler County Jail in Hamilton, Ohio." The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. As to paragraph 7 of Plaintiffs' Complaint, the answering Defendants admit that Mr. Adem was a "detainee at [the] Butler County Jail in Hamilton, Ohio from July 21, 2020 to around December 1, 2020," when he was transferred to a different facility. The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. As to paragraph 8 of Plaintiffs' Complaint, the answering Defendants admit only that Butler County is a political subdivision of the State of Ohio, governed by a Board of Commissioners in accordance with Ohio law, and has certain powers and responsibilities vested in it under Ohio law.

9. The answering Defendants admit the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. The answering Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. The answering Defendants admit the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. The answering Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Complaint because the answering Defendants are unaware of an "Officer Bankton," and, to the best of the answering Defendants' knowledge, information, and belief, such an individual does not exist.

13. As to paragraph 13 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. As to paragraph 14 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit that jurisdiction over Plaintiffs' claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

15. As to paragraph 15 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny that the allegations in Plaintiffs' Complaint occurred at the Butler County Jail; however, the answering Defendants admit that "Venue lies properly with this District pursuant to 28 U.S.C. § 1391(b)[.]"

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

3

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

16. The answering Defendants deny for want of knowledge the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. As to paragraph 17 of Plaintiffs' Complaint, the answering Defendants admit only that, in the morning of October 20, 2020, Officer Roberts entered Cell 20, which housed Mr. Bayong and Mr. Adem. The answering Defendants deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. As to paragraph 18 of Plaintiffs' Complaint, the answering Defendants admit only that "Officers told Mr. Bayong and his cellmate to pack up their belongings because they were to be" transferred to medical isolation.

19. The answering Defendants deny for want of knowledge the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. The answering Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. The answering Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. As to paragraph 22 of Plaintiffs' Complaint, the answering Defendants deny the allegations that "Mr. Bayong was thrown on the ground and beaten," that "Mr. Adem was also thrown to the ground, and he was beaten by Officer Blankton and A. Roberts," and that "[b]lood from the beating to Mr. Adem's face soaked into the mask he was wearing during the attack." The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. The answering Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.



24. The answering Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. The answering Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. As to paragraph 26 of Plaintiffs' Complaint, the answering Defendants deny the allegations that "Corrections Officer Roberts took Mr. Bayong to an empty cell in insolation in H-pod and, in the presence of two other officers, punched Mr. Bayong with closed fists all over his face and head." The answering Defendants also deny the allegation that Mr. Bayong "lost a tooth from the beatings." The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. The answering Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. The answering Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. The answering Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. The answering Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. The answering Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. As to paragraph 32 of Plaintiffs' Complaint, the answering Defendants deny the allegations that Mr. Bayong "lost a tooth" and sustained a "black eye" and "swollen" neck from any October 20, 2020 "incident" with corrections staff. The answering Defendants further deny

the allegation that "Mr. Bayong was again assaulted by Officer A. Roberts." The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. The answering Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. The answering Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. As to paragraph 35 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit only that inmates are under Defendants' care, custody, and control while incarcerated at the Butler County Jail. The answering Defendants deny any remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. As to paragraph 36 of Plaintiffs' Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state and federal laws and regulations.

37. The answering Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. As to paragraph 38 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit that a contract exists contemplating the confinement of ICE detainees at the Butler County Jail and, pursuant to such contract, certain requirements apply. The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

6

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

39. As to paragraph 39 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

40. As to paragraph 40 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

41. As to paragraph 41 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

42. As to paragraph 42 of Plaintiffs' Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

43. As to paragraph 43 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

44. As to paragraph 44 of Plaintiffs' Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

7

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

45. As to paragraph 45 of Plaintiffs' Complaint, the answering Defendants admit only that officers must submit a written report of any use of force against any detainee within a reasonable amount of time.

46. As to paragraph 46 of Plaintiffs' Complaint, the answering Defendants aver that the allegations are vague and ambiguous. The answering Defendants admit that the Butler County Jail has a use of force policy. The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. The answering Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. The answering Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. The answering Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. The answering Defendants deny each and every allegation contained in paragraph 50 of Plaintiffs' Complaint not specifically admitted herein as true.

51. As to paragraph 51 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. As to paragraph 52 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. As to paragraph 53 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the Fifth and Fourteenth Amendments to the United States Constitution speak for themselves.

54. As to paragraph 54 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit that people in civil immigrant detention possess certain rights.

55. As to paragraph 55 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the Eighth Amendment to the United States Constitution speaks for itself.

56. The answering Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. The answering Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58. The answering Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59. As to paragraph 59 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny that "[t]he threat of death and the racist beatings" occurred at the Butler County Jail by corrections staff. The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 59 of Plaintiffs' Complaint.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

9

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

60. As to paragraph 60 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61. The answering Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. The answering Defendants deny each and every allegation contained in paragraph 62 of Plaintiffs' Complaint not specifically admitted herein as true.

63. As to paragraph 63 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution speak for themselves. The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. As to paragraph 64 of Plaintiffs' Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants aver that they act in compliance with the constitution and applicable state and federal laws and regulations. The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 64 of Plaintiffs' Complaint.

65. The answering Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. The answering Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. The answering Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. The answering Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. The answering Defendants deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein as true.

### FIRST DEFENSE

70. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

71. Plaintiffs have or may have failed to exhaust all administrative remedies.

### THIRD DEFENSE

72. The conduct of one or both Plaintiffs, in whole or in part, bars Plaintiffs' claims for relief.

### FOURTH DEFENSE

73. Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of consent.

### FIFTH DEFENSE

74. Plaintiffs' claims are barred because Plaintiffs assumed the risk of the injuries that are alleged to exist.

### SIXTH DEFENSE

75. Plaintiffs are barred from relief due to the extent and degree of Plaintiffs' own negligence.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
11
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

### SEVENTH DEFENSE

76. Plaintiffs' claims may be barred, in whole or in part, by a failure to mitigate damages.

### EIGHTH DEFENSE

77. Plaintiffs' claims may be barred by their failure to join any party or parties under Rule 19 and/or 19.1.

### NINTH DEFENSE

78. Plaintiffs' claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which they pray, or because this matter as brought is non-justiciable.

### TENTH DEFENSE

79. Plaintiffs' claims for damages may be barred, in whole or in part, by prior to, subsequent intervening, or superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom the answering Defendants had no control or right of control.

### ELEVENTH DEFENSE

80. The answering Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

### TWELFTH DEFENSE

81. Plaintiffs' claims against the answering Defendants are expressly subject to, barred or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

### THIRTEENTH DEFENSE

82. Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to an award of punitive damages against the answering Defendants.


FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

12

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## FOURTEENTH DEFENSE

83. Plaintiffs' claims for punitive damages cannot be sustained because the conduct of the answering Defendants did not show complete indifference to or conscious disregard for the safety of others.

## FIFTEENTH DEFENSE

84. Plaintiffs' claims for punitive damages are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

## SIXTEENTH DEFENSE

85. To the extent Plaintiffs seek punitive damages or exemplary damages against the answering Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiffs.

## SEVENTEENTH DEFENSE

86. The answering Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

## EIGHTEENTH DEFENSE

87. Plaintiffs are barred from relief because the answering Defendants acted in good faith.

## NINETEENTH DEFENSE

88. Plaintiffs are barred from relief because the answering Defendants acted lawfully at all times.

## TWENTIETH DEFENSE

89. Plaintiffs' claims may be barred by applicable statutes of limitations.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

13

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

### TWENTY-FIRST DEFENSE

90. Plaintiffs' claims against the answering Defendants may be expressly subject to, barred, or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

### TWENTY-SECOND DEFENSE

91. Plaintiffs' claims may be impacted by the Prison Litigation Reform Act, including any authorization of attorney's fees.

### TWENTY-THIRD DEFENSE

92. Plaintiffs' claims are barred against the answering Defendants because the answering Defendants did not proximately cause any injury to either Plaintiff.

### TWENTY-FOURTH DEFENSE

93. To the extent Plaintiffs seek a preliminary injunction, Plaintiffs failed to properly move.

### TWENTY-FIFTH DEFENSE

94. Plaintiffs name a Defendant(s), "Officer Blankton" and "Officer Bankton," who either does not exist or whose name is spelled incorrectly.

### TWENTY-SIXTH DEFENSE

95. The answering Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendants County of Butler, Ohio, the Butler County Board of Commissioners, the Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton" demand that Plaintiffs' claims against these Defendants be dismissed in their entirety and with prejudice.


FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

14

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Respectfully Submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Angelica M. Jarmusz (0092249)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
ajarmusz@fisheldowney.com
*Attorneys for Defendants, County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton"*

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues herein triable.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendants, County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton"*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Answer of Defendants County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and Blankton* was served, via the Court's CM/ECF system, upon all counsel this 13th day of April 2021

                                                         s/ Daniel T. Downey
                                                         Daniel T. Downey (0063753)
                                                         **FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
                                                         *Attorney for Defendants, County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton"*

*CORSA Litigation\Butler\Bayong\Pleadings (Word)\Answer.docx*