IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Bayong Brown Bayong and Ahmed Adem | : | |
| | : | Case No. 1:20-cv-00989 |
| Plaintiffs, | : | Judge Timothy S. Black |
| | | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| County of Butler, Ohio, *et al.* | : | |
| | : | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO MODIFY CASE SCHEDULE (DOC. 16)**

In accordance with Fed. R. Civ. P. 16(b)(4) and S.D. Ohio Civ. R. 7.2(a)(2), Defendants respectfully renew their request for an extension of the case schedule to depose Plaintiffs. (Mtn to Mod., Doc. 16, PageID#79-83). The Complaint as well as Plaintiffs' November 2021 and January 2022 discovery responses place Plaintiffs' medical and mental health conditions directly at issue. Plaintiffs therefore "opened [themselves] up to discovery of any past situations, behaviors, or actions which are relevant to [such] claim[s]." *U.S. v. Crawford*, Nos. 98CV743, 97CV1033, 1999 U.S. Dist. LEXIS 23396, *8 (N.D. Ohio, Feb. 4, 1999); see also *Uszak v. Yellow Transp., Inc.*, 343 Fed. Appx. 102, 108 (6th Cir. 2009); *Butler v. Rue 21, Inc.*, No. 1:11-cv-9, 2011 U.S. Dist. LEXIS 42392, *8 (E.D. Tenn., Apr. 19, 2011) ("to avoid the burden of medically-related discovery, a plaintiff must not open the door to such discovery.").Yet, Plaintiffs initially refused to disclose any information about medical and/or mental health histories until January 26, 2022—after defense counsel sent correspondence with legal authorities supporting Defendants' right to such discovery.



| | | |
|---|---|---|
| 1 | 7775 Walton Parkway<br>Suite 200<br>New Albany, Ohio 43054 | (614) 221-1216 PH<br>(614) 221-8769 FX<br>www.fisheldowney.com |

There is no dispute that Defendants did not receive Plaintiff Bayong's executed medical release until four days *after* the close of fact discovery, despite Defendants' request for the releases being made September 3, 2021. (Plfs' MIO, Doc. 18, PageID#98). Relatedly, Plaintiff Adem's executed release was provided just over a week before the close of fact discovery, but no medical provider has been identified on the release or in the written discovery responses aside from a chiropractor. (Id.). Plaintiffs did not provide any answer to the interrogatories asking whether they had received mental health treatment or suffered any physical injury prior to the events alleged in the Complaint until Plaintiffs' amended responses on January 26, 2022, which were prompted by defense counsel's letter. Plaintiffs had instead merely stated the interrogatories were "not calculated to lead to reasonably discoverable evidence" without citing any legal authority for their position. Defendants were thus prevented by Plaintiffs from adequately preparing for effective depositions of Plaintiffs.

While Plaintiffs find it meaningful that Defendants never "filed a Motion to Compel Discovery related to the medical records," S.D. Ohio Civ. R. 37.1 and this Court's Standing Orders instructed against such a motion. (Plfs MIO, Doc. 18, PageID#98). This Court's Standing Order on discovery states, "This Court does not permit discovery motions, i.e. motions to compel…unless and until counsel" follow the requirements of S.D. Ohio Civ. R. 37.1. Defendants exercised due diligence in complying with the local rule and standing order by agreeing to Plaintiffs' requests for extensions of their discovery response deadline and then addressing the subsequent discovery deficiencies through counsel, without Court intervention. Arguably, Plaintiffs' initial refusals to provide medical releases is sanctionable; however, Defendants are seeking only the opportunity to depose Plaintiffs now that Defendants have access to the directly relevant health information. *Uszak*, 343 Fed. Appx. at 108 (affirming trial court's order sanctioning

FDAR Fishel Downey Albrecht & Riepenhoff LLP — Attorneys at Law

2

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

plaintiffs for refusing to provide medical releases); see also *McMullen v. Reserves Network, Inc.*, No. 1:12-cv-2140, 2013 U.S. Dist. LEXIS 13304, *2-3 (S.D. Ohio, Jan. 31, 2013); *White v. Honda of Am. Mfg.*, 2008 U.S. Dist. LEXIS 106188, *7 (S.D. Ohio, Nov. 3, 2008); *Hawkins v. Anheuser-Busch, Inc.*, 2006 U.S. Dist. LEXIS 59217, *4, 6, 8 (S.D. Ohio, Aug. 22, 2006) ("medical conditions, and particularly those having an emotional component, may result from multiple causes"); *Kennedy v. Cingular Wireless, LLC*, 2007 U.S. Dist. LEXIS 60926, *7-10 (S.D. Ohio, Aug. 20, 2007); *Witschger v. E.I. DuPont de Nemour & Co.*, 2012 U.S. Dist. LEXIS 160902, *2-3 (S.D. Ohio, Nov. 9, 2012) ("medical records are relevant to determining whether defendant's actions were the proximate cause of any emotional distress or injuries suffered by plaintiff").

Plaintiffs' criticism that "Defendants have not raised a concrete theory of how Mr. Bayong and Mr. Adem's medical histories are material" is misplaced. (Plfs MIO, Doc. 18, PageID#100). Defendants are under no obligation to reveal their legal theories, mental impressions, conclusions, or opinions. Fed. R. Civ. P. 26(b)(3)(B); see also *Hickman v. Taylor*, 329 U.S. 495, 509-11 (1947); *U.S. v. One Tract of Real Property*, 95 F.3d 422, 427-428 (6th Cir. 1996). Plaintiffs are not entitled to Defendants' legal analysis during the discovery phase. *Zinsky v. New Work Cent. R. Co.*, 36 F.R.D. 680, 682 (N.D. Ohio 1964); *Perez v. KDE Equine, LLC*, No. 3:15-CV-00562, 2017 U.S. Dist. LEXIS 570, *19-20 (W.D. Ky. Jan. 4, 2017) (Interrogatories cannot require Defendant to form a legal conclusion or "to make a legal analysis on one of the factual issues in the case."). Such theories will appropriately be presented through a dispositive motion and/or at trial.

It should also be noted that Plaintiffs initially refused to disclose any information related to their educational and work histories even though they make claims for loss of income in this case. Plaintiffs asserted that the interrogatories asking about education and employment were "not calculated to lead to relevant, discoverable information and it is overbroad and unduly

burdensome." Defendants finally received education and employment information through Plaintiffs' amended responses on January 26, 2022—nine calendar days before the fact discovery window closed. (Order, Doc. 10, PageID#60). Still, Plaintiffs will not provide discovery responses concerning their immigration cases while simultaneously arguing to this Court that immigration status provides ground on which to deny Defendants' requested motion. (Plfs MIO, Doc. 18, PageID#97).

Tellingly, Plaintiffs have not identified any deportation proceedings, relying on nebulous possibilities of deportation. Courts generally do not consider the potential for deportation to be persuasive, especially when no deportation proceedings have commenced. *See Escamilla v. Shiel Sexton Co.*, 73 N.E.3d 663, 669 (Ind. 2017); *Novovic v. Greyhound Lines, Inc.*, No. 2:09-cv-753, 2012 U.S. Dist. LEXIS 9203, at *10 (S.D. Ohio Jan. 26, 2012), citing *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 230 P.3d 583, 586 (Wash. 2010). Plaintiffs' counsel indicated that Plaintiff Bayong is currently housed in the Geauga County Jail and Plaintiff Adem is no longer held in any detention facility. No deportation information about the alleged "immigrants who witnessed the assault" has been shared by Plaintiffs. (Plfs MIO, Doc. 18, PageID#97).

As for Plaintiffs' October 25, 2021 "Emergency Motion to Depose Witnesses," Defendants opposed Plaintiffs' attempts to dictate the defense of the case. Through their "Emergency Motion," Plaintiffs sought to force Defendants to depose Plaintiffs without access to any materials that allegedly supported the factual assertions in the Complaint. See Fed. R. Civ. P. 26(c)(1). At the time, Plaintiffs had not even produced copies of the documents identified in their initial disclosures. The opposition to Plaintiffs' efforts to force the examination of Plaintiffs before Defendants were equipped with the tools to adequately depose Plaintiffs has no bearing on Defendants' pending motion.

The alleged prejudice Plaintiffs say they will suffer from any extension of the case schedule is simply unconvincing. No extension of the case deadlines has previously been sought. (Order, Doc. 10, PageID#59-60). Defendants are seeking a short extension to conduct Plaintiffs' depositions now that Plaintiffs have supplemented their deficient discovery responses. A short extension should not prejudice any party to this action, and this Court may be able to facilitate the depositions in less time than Defendants requested in their primary motion. (Mtn to Mod., Doc. 16, PageID#82-83). *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005). Plus, Defendants willingly agreed to Plaintiffs' prior discovery extensions, and Plaintiffs "do not believe [depositions] are necessary for trying th[eir] case." (Plfs MIO, Doc. 18, PageID#100).

Plaintiffs will not have to "expend significant additional resources" should the requested extension be granted, nor will a "significant delay" of any "resolution of the dispute" result. *Parker v. Breck's Ridge, LLC*, No. 2:17-cv-633, 2019 U.S. Dist. LEXIS 87053, *7 (S.D. Ohio, May 23, 2019). Plaintiffs have not identified any imminent, specific harm that will occur from a less than two-month extension of the case schedule. If a witness is facing imminent deportation, their testimony could be captured via a trial deposition. The fading memories that Plaintiffs reference are a concern in any case and underscore the importance of deposing Plaintiffs. (Plfs MIO, Doc. 18, PageID#97-98).

Plaintiffs' baseless accusations that "[v]ideo records are not available because of misconduct by Defendants" are inaccurate and do not overcome the good cause that exists to slightly extend the case schedule. (Plfs MIO, Doc. 18, PageID#97). *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625-626 (6th Cir. 2002). Video of nonoccurrences does not exist. Defendants cannot and "also need not create documents in order to respond to a request for production." *In re Porsche Cars N. Am., Inc.*, No. 2:11-md-2233, 2012 U.S. Dist. LEXIS 136954, *31 (S.D. Ohio, Sept. 25,

2012). It has been repeatedly communicated to Plaintiff that no video recordings of the alleged July 21, August 20, October 20, or October 28, 2020 events described in the Complaint have ever existed, let alone been destroyed. The Butler County Jail Post Order identified in Plaintiffs' February 16, 2022 opposition—ICE-14, which addresses use of force against ICE detainees—states, "Use of force against detainees will be videotaped whenever possible." (Plfs MIO, Doc. 18, PageID#96). Because uses of force and other inmate altercations are nearly always unanticipated, not every such instance can be recorded. If anything, the absence of video supporting the allegations in Plaintiffs' Complaint can be factored into a jury's assessment of the parties' credibility. There is certainly no evidence in the record that Defendants "acted with the intent to deprive another party of the information's use in the litigation," as no destruction or failure to preserve evidence took place. Fed. R. Civ. P. 37(e)(2).

Plaintiffs' baseless accusations do not negate the good cause that exists to extend the case schedule so that Plaintiffs can be deposed. Fed. R. Civ. P. 16(b)(4); see also S.D. Civ.R. 7.3(a); *Inge*, 281 F.3d 625-26. This Court has broad authority to modify the case schedule as it sees fit. Defendants respectfully requests that this Court grant "Defendants' Motion to Modify Case Schedule" (Doc. 16, PageID#79-83) or otherwise allow for the depositions of Plaintiffs to be completed.

Respectfully Submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Angelica M. Jarmusz (0092249)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
ajarmusz@fisheldowney.com
*Attorneys for Defendants, County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton"*

7
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

**CERTIFICATE OF SERVICE**

      This certifies that the foregoing ***Reply in Support of Defendants' Motion To Modify Case Schedule*** was filed electronically this 28th day of February 2022.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system, as certified by the Court's Certificate of Service generated upon filing.

                      s/ Daniel T. Downey
                      Daniel T. Downey (0063753)
                      **FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
                      *Attorney for Defendants, County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, and Corrections Officers A. Roberts, L. Browning, and "Blankton"*

*CORSA Litigation\Butler\Bayong\Pleadings (Word)\2-22 Defs Reply in Support Mtn to Mod.docx*