# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Bayong Brown Bayong and Ahmed Adem | : | |
| | : | Case No. 1:20-cv-00989 |
| Plaintiffs, | : | Judge Jeffery P. Hopkins<br>Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| County of Butler, Ohio, *et al.* | : | |
| | : | |
| Defendants. | | |

## DEFENDANTS' PARTIAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME

Now come Defendants, Butler County, Ohio, the Butler County Board of Commissioners, the Butler County Jail, and Corrections Officers "A. Roberts, L. Browning, and Blankton," pursuant to S.D. Ohio Civ.R. 7.2(a)(2), and hereby partially oppose Plaintiffs' June 16, 2023 "Consent Motion to Extend Time" (Doc. 70). Given the claimed "medical emergency," defense counsel consented to extra time for Plaintiffs to respond to "Defendants' Objections Pursuant to Fed. R. Civ. P. 56(c)(2) and Motion for Sanctions under Fed. R. Civ. P. 37(c)(1)" filed May 30, 2023 (Doc. 67); however, defense counsel never consented to Plaintiffs' request to supply supplemental evidence under Fed. R. Civ. P. 56(d). Defendants adamantly oppose Plaintiffs' underhanded attempt to "obtain declarations to justify [their] opposition" to summary judgment, and Plaintiffs' request under Fed. R. Civ. P. 56(d) should be denied due to Plaintiffs' failure to satisfy the Rule's requirements. (Plf Mtn, Doc. 70, PageID#1836).

## I. BACKGROUND

The communications between counsel leading up to Plaintiffs' filing captioned "Consent Motion to Extend Time" were made over email, and a copy can be produced to this Court. Plaintiffs' counsel represented that "a medical condition" was making "responding to [Defendants'] recent filing very difficult" and asked for "consent to extend [Plaintiffs'] response to July 21." On June 16, 2023, defense counsel asked Plaintiffs' counsel to specify the "response" for which the extension was being sought, and Plaintiffs' counsel stated only "The Opposition to the Motion to Strike and for Sanctions." There was zero mention of any additional declarations or other evidentiary filings. Accordingly, defense counsel did not consent to allowing Plaintiffs "additional time to obtain declarations," nor would defense counsel have agreed to the request if it was presented prior to the June 16, 2023 filing. (Plf Mtn, Doc. 70, PageID#1836). Furthermore, Plaintiffs' request does not establish good cause nor a legitimate need for additional declarations; therefore, Plaintiffs' request runs afoul of Fed. R. Civ. P. 56(d) and should be denied.

## II. LEGAL ANALYSIS

Plaintiffs' request for "additional time to obtain declarations to justify its opposition" to Defendants' Motion for Summary Judgment should be denied because Plaintiffs simply do not meet the requirements of Fed. R. Civ. P. 56(d). (Plf Mtn, Doc. 70, PageID#1836). To begin, the plain language of Fed. R. Civ. P. 56(d) authorizes this Court to take certain actions "when facts are unavailable to the nonmovant." Here, there are no identified "facts" that have been "unavailable to Plaintiffs, and the declaration accompanying Plaintiffs' June 16, 2023 Motion explains only that additional time is being sought to "correct [ ] affidavits" that obviously have been available to Plaintiffs. (Norris Dec., Doc. 70, PageID#1837). The declaration does not state why Plaintiffs have "not previously discovered the information" they now seek to present, and Plaintiffs have not

demonstrated any "diligence in attempting to meet the case management order's requirements." *Cressend v. Waugh*, No. 2:09-cv-01060, 2011 U.S. Dist. LEXIS 24780, *5, 7 (S.D. Ohio Mar. 11, 2011) (quotations omitted) (denying the plaintiff's motion for extension of time to conduct additional discovery); *see also Whiteside v. Collins*, No. 2:08-cv-875, 2012 U.S. Dist. LEXIS 86669, *4 (S.D. Ohio June 22, 2012); quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000); *see also Tate v. Boeing Helicopters*, 140 F.3d 654, 661 (6th Cir. 1998) (holding plaintiffs not entitled to additional discovery, in part, because their affidavit "did not in any way explain plaintiffs' failure to conduct sufficient discovery within this extended time"); *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989); *Tillman v. Mausser*, No. 2:09-cv-904, 2011 U.S. Dist. LEXIS 47630, *11 (S.D. Ohio May 2, 2011).

 The more-than-a-month-long extension being requested at least appears to be motivated in some part by a desire to locate third-party witnesses to execute proper declarations. Such a request is inappropriate, however, since Plaintiffs had an adequate opportunity to conduct discovery in this case. *See Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 409 (6th Cir. 1998) (a party "has no absolute right to additional time for discovery"); *Scadden v. Werner*, 677 F. App'x 996, 1000 (6th Cir. 2017) (affirming denial of request for more discovery); *Stevens v. Stieve*, No. 1:13-cv-918, 2019 U.S. Dist. LEXIS 168666, *13-14 (W.D. Mich. June 18, 2019). In fact, Plaintiffs had more than a year and seven months between the filing of their Complaint and the close of fact discovery to make proper disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and (e). (Cmplt., Doc. 1; Third Calendar Order, Doc. 24). Plaintiffs then had another approximately 10 months before the filing of their opposition to Defendants' Motion for Summary Judgment. (*See* Plf Mtn for Ext., Doc. 41). There is no good cause to modify the expired case deadlines. *Cressend*, 2011 U.S. Dist. LEXIS 24780 at *6-7, citing Fed. R. Civ. P. 16(b)(4).

More importantly, however, corrected declarations or affidavits will not "change the outcome" of summary judgment. *NCMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2019 U.S. Dist. LEXIS 74496, *7 (S.D. Ohio May 2, 2019), citing *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1197 (6th Cir. 1995) (affirming denial of motion for additional discovery and refusing to defer summary judgment under Rule 56(f)). The declarations or affidavits Plaintiffs intend to correct are barred by Plaintiffs' failure to disclose the witnesses in compliance with Fed. R. Civ. P. 26(a)(1) and (e), among the other reasons briefed in "Defendants' Objections Pursuant to Fed. R. Civ. P. 56(c)(2) and Motion for Sanctions under Fed. R. Civ. P. 37(c)(1)." (*See e.g.*, Objections, Doc. 67, PageID#1686-1696). *See also Emmons*, 874 F.2d at 357. Plaintiffs have not shown a true need for additional discovery; therefore, Plaintiffs' request made under Fed. R. Civ. P. 56(d) within Plaintiffs' June 16, 2023 "Consent Motion to Extend Time" should be denied.

### A. Plaintiffs' Fed. R. Civ. P. 56(d) Request Should be Denied Because No Good Cause Exists to Modify the Expired Case Deadlines.

There is no good cause to re-open expired case deadlines for the purpose of allowing Plaintiffs to "obtain declarations to justify [their] opposition" to summary judgment, and Plaintiffs' request in this regard should be denied. (Plf Mtn, Doc. 70, PageID#1836). The Sixth Circuit has emphasized that a party opposing summary judgment "has no absolute right to additional time for discovery." *Lewis*, 135 F.3d at 409; *see also Scadden*, 677 F. App'x at 1000 ("even when a party properly presents a Rule 56(d) affidavit and a motion [ ], the rule only provides that a court 'may' extend the discovery deadline."). The party opposing summary judgment "must first demonstrate that good cause exists to modify" the case deadlines, which Plaintiffs do not do. *Cressend*, 2011 U.S. Dist. LEXIS 24780 at *6, citing Fed. R. Civ. P. 16(b)(4).

The two primary factors this Court is to consider when addressing a motion under Fed. R. Civ. P. 56(d) is Plaintiffs' "diligence" and whether Defendants "will suffer prejudice by virtue of

4

the amendment." *Id.* at *7, quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir 2002) and *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Plaintiffs have been far from diligent, as seen by Plaintiffs' substantial noncompliance with Fed. R. Civ. P. 26(a)(1) and (e) and the lack of any legitimate excuse for failing to produce legally sufficient declarations or affidavits. As more fully briefed in "Defendants' Reply in Support of Motion for Summary Judgment" and the related Objections under Fed. R. Civ. P. 56(c)(2), four of the "affidavits" Plaintiffs filed with their May 15, 2023 Opposition come from witnesses who were not properly disclosed per Fed. R. Civ. P. 26(a) and (e): Mr. Diawara, Mr. Hernandez, Mr. Balfour, and Mr. Jones. (*See e.g.*, Doc. 49-1; Doc. 50-1; Doc. 51-1; Doc. 55-1; Doc. 61-1; *see also* Objections, Doc. 67, PageID#1690-1694; Reply, Doc. 68, PageID#1815-1817). Additionally, the purported "affidavits" of Mory Keita (Doc. 45-1), Mantas Petrauskas (Doc. 46-1; Doc. 58-1), Daanish Pestonjee (Doc. 47-1; Doc. 59-1), Ranoldo Balfour (Doc. 49-1), Renay Jones (Doc. 50-1; Doc. 61-1), Demba Diawara (Doc. 51-1), Lynn Tramonte (Doc. 53-1), and Marcos Antonio Sanchez Hernandez (Doc. 55-1) do not qualify as an affidavit or a sworn declaration. (*See* Objections, Doc. 67, PageID#1688-1689; Reply, Doc. 68, PageID#1813-1814). *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002); 28 U.S.C. §1746; *see also Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969. The deficiencies Plaintiffs seek to "correct" are the result of an absence of diligence. (Plf Mtn, Doc. 70, PageID#1837).

Defendants will suffer unfair prejudice should Plaintiffs be afforded the Fed. R. Civ. P. 56(d) relief they seek. Defendants were not made aware of some of the witnesses from whom Plaintiffs obtained "affidavits," and Defendants were not provided the "subjects of [the]

5

information" other witnesses possessed before Plaintiffs filed the "affidavits." Fed. R. Civ. P. 26(a)(1)(A)(i); *Caudell v. City of Loveland*, No. 1:03-cv-692, 2006 U.S. Dist. LEXIS 17971, *8-9 (S.D. Ohio Apr. 10, 2006); *Emanuel v. Cty of Wayne*, 652 F. Appx 417, 424-425 (6th Cir. 2016); *see also Vance v. U.S.*, No. 98-5488, 1999 U.S. App. LEXIS 14943, *17 (6th Cir. June 25, 1999). Plus, the lack of probative value within the "affidavits" already filed by Plaintiffs underscores the prejudice that would result if Plaintiffs are granted permission to file additional declarations. Fed. R. Evid. 401-402; *William F. Shea, LLC v. Bonutti Research, Inc.*, No. 2:10-cv-615, 2013 U.S. Dist. LEXIS 76100, *8 (S.D. Ohio May 30, 2013) (granting Defendant's Motion in Limine); *Odunuga v. Sukovich*, No. 1:09-cv-867, 2011 U.S. Dist. LEXIS 170055, *8 (W.D. Mich. Apr. 27, 2011); *U.S. v. Morris*, No. 2:08-cr-90, 2008 U.S. Dist. LEXIS 107308, *6 (E.D. Tenn. Feb. 17, 2008). (*See e.g.*, Objections, Doc. 67, PageID#1694-1696; Reply, Doc. 68, PageID#1817-1818).

Ultimately, "Defendants' Reply in Support of Motion for Summary Judgment" and the related Objections under Fed. R. Civ. P. 56(c)(2) cannot be treated as a mere educational opportunity for Plaintiffs to remedy their shortcomings. (Reply, Doc. 68; Objections, Doc. 67). Plaintiffs had ample opportunity to disclose their intended witnesses before the extended July 18, 2022 discovery deadline and to fully support their "Opposition to Motion for Summary Judgment" by the extended May 15, 2023 deadline. (Third Calendar Order, Doc. 24; Plf Mtn for Ext., Doc. 41). Plaintiffs do not deserve yet another opportunity to try to overcome summary judgment—this time by rectifying the failures pinpointed by Defendants. The lax enforcement of the Federal Rules of Civil Procedure and the Federal Rules of Evidence urged by Plaintiffs would cause significant prejudice to Defendants. Plaintiffs' request to supply additional evidence, per Fed. R. Civ. P. 56(d), should be denied.

**B. Plaintiffs' Fed. R. Civ. P. 56(d) Request Should be Denied Because the Declarations were Not Unavailable and are Not Necessary.**

Beyond the utter lack of good cause to grant the Fed. R. Civ. P. 56(d) relief Plaintiffs seek, Plaintiffs' request to obtain more declarations is unwarranted because the declarations were not unavailable to Plaintiffs and the declarations are not necessary to Plaintiffs' case. Plaintiffs, through their counsel, had the ability to ensure the "affidavits" already filed were in proper form prior to filing; therefore, Plaintiffs do not satisfy the requirements of Fed. R. Civ. P. 56(d). Even more, the additional declarations being sought "would not change the outcome" of the pending dispositive motion, providing further ground to deny Plaintiffs' request. *NCMIC*, 2019 U.S. Dist. LEXIS 74496 at *7, citing *Lanton v. Ocwen Loan Servicing, LLC*, No. 3:15-cv-372, 2017 U.S. Dist. LEXIS 58462 (S.D. Ohio Apr. 17, 2017). Plaintiffs cannot be afforded the chance to, after-the-fact, supply additional or revised allegations that are not within the current "affidavits" on record, and re-submitting the content of the filed "affidavits" in proper form would be futile due to Plaintiffs' noncompliance with Fed. R. Civ. P. 26(a) and (e), as well as the unsupported speculation and absence of probative value within the "affidavits" on record. Fed. R. Civ. P. 37(c)(1); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782-783 (6th Cir. 2003); *Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2022 U.S. Dist. LEXIS 43300, *14 (S.D. Ohio Mar. 11, 2022); *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015); *Totman v. Louisville Jefferson Cty. Metro Gov't*, 391 F. App'x 454, 463 (6th Cir. 2010) ("His beliefs, however, do not meet the evidentiary standard set forth in Rule 56(e)(1) of the Federal Rules of Civil Procedure" and is "nothing more than speculation."); Alpert v. U.S., 481 F.3d 404, 409 (6th Cir. 2007); *Miller v. Calhoun Cty.*, 408 F.3d 803, 820 (6th Cir. 2005).

Plaintiffs do not meet their burden of showing that the declarations they seek to obtain are necessary and adequate to defend against the pending Motion for Summary Judgment. *Chesner v.*

*Stewart Title Guar. Co.*, No. 1:06CV476, 2008 U.S. Dist. LEXIS 108004, at *11-12 (N.D. Ohio July 2, 2008); *Kreszowski v. FCA US LLC*, Nos. 3:19-cv-2989, 3:20-cv-1936, 2021 U.S. Dist. LEXIS 13865, *6 (N.D. Ohio Jan. 26, 2021); *Whiteside v. Collins*, No. 2:08-cv-875, 2012 U.S. Dist. LEXIS 86669, *11-13 (S.D. Ohio June 22, 2012) ("The Court advises the parties that it will permit no additional discovery pending resolution of" the defendants' motion for summary judgment.). Instead, Defendants would be prejudiced by an order allowing Plaintiffs the opportunity to mount an augmented opposition to summary judgment that Plaintiffs, with due diligence, could have presented within the case deadlines. Defendants thus oppose Plaintiffs' June 16, 2023 request under Fed. R. Civ. P. 56(d).

### III. Conclusion

For the foregoing reasons, Defendants oppose Plaintiffs' June 16, 2023 "Consent Motion to Extend Time" to the extent it seeks an opportunity, pursuant to Fed. R. Civ. P. 56(d), to supply additional declarations or any other material in opposition to Defendants' Motion for Summary Judgment.

Respectfully submitted,

s/ Daniel T. Downey
Angelica M. Jarmusz (0092249)
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
ajarmusz@fisheldowney.com
*Attorneys for Defendants County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, Corrections Officers A. Roberts, L. Browning, and Blankton*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ***Defendants' Partial Memorandum in Opposition to Plaintiffs' Motion to Extend Time*** was served, via the Court's CM/ECF system, upon all counsel this 19th day of June 2023.

    s/ Daniel T. Downey
    Daniel T. Downey (0063753)
    **FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
    *Attorney for Defendants County of Butler, Ohio, the Butler County Board of Commissioners, Butler County Jail, Corrections Officers A. Roberts, L. Browning, and Blankton*