**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BAYONG BROWN BAYONG, *et al.*, | : |
| | : |
| *Plaintiffs,* | :   Case No. 1:20-cv-00989 |
| | : |
| v. | :   Judge Jeffery P. Hopkins |
| | : |
| COUNTY OF BUTLER OF THE STATE OF OHIO, *et al.*, | : |
| | : |
| *Defendants.* | : |

---

## OPINION AND ORDER

---

As Justice Arthur Goldberg famously stated, "it is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962). Plaintiffs Bayong Brown Bayong and Ahmed Adem ("Plaintiffs") filed suit claiming that they were left bruised, injured and bleeding after being assaulted and beaten by corrections officers at Butler County Jail in violation of the Constitution's Due Process Clause and protections against cruel and unusual punishment. Compl., Doc. 1; Am. Compl., Doc. 37. Defendants named in the suit include, Butler County, Ohio; the Butler County Board of Commissioners; the Butler County Jail; and Corrections Officers A. Roberts, L. Browning, and "Blankton"[1] ("Defendants" or "Defendant Officers"). In the Complaint and Amended Complaint, Officer Blanton's last name was misspelled as "Bankton" or "Blankton" throughout those documents. Compl., Doc. 1, ¶ 12; Am. Compl., Doc. 37, ¶ 11.

---

[1] Officer Blanton's last name was incorrectly spelled as "Blankton" and "Bankton" in the Complaint and Amended Complaint. Compl., Doc. 1, ¶ 12; Am. Compl., Doc. 37, ¶ 11. For purposes of clarity, the Court uses quotation marks to highlight the use of "Blankton" and "Bankton" in this Order and Opinion.

Before the Court is Plaintiffs' Second Motion for Leave to Amend Complaint (Doc. 54) (the "Motion"). In the Motion, Plaintiffs seek leave to name Officer Blanton as a proper defendant by Amended Complaint to reflect the correct spelling of his last name. Doc. 54, PageID 1224. There is no dispute that Officer Blanton was employed at Butler County Jail on the date of the altercations giving rise to this litigation. *See* Doc. 38, PageID 954. There is also no dispute that Officer Blanton admits in the motion for summary judgment filed on his behalf to his involvement and also filed an incident report recording his version of what occurred. *See* Doc. 38, PageID 967–68; Doc. 35-6, PageID 563. Defendants all oppose the Motion due to Plaintiffs' delay in seeking the amendment after discovery had closed and while their motion for summary judgment is pending. Doc. 66. Because Defendants had notice of the allegations against Officer Blanton and he in fact acknowledged in the motion for summary judgment his involvement in the incidents at the Butler County jail giving rise to the pending lawsuit, and he would therefore not be prejudiced by a second amendment to the Complaint in this proceeding, the Court **GRANTS** Plaintiffs' Motion. Doc. 54.

## I.    BACKGROUND

Plaintiffs initiated this action on December 8, 2020. Compl., Doc. 1. The original Complaint asserted claims against Defendant Officers under 42 U.S.C. § 1983, alleging that they violated Plaintiffs' rights guaranteed under the Eighth and Fourteenth Amendments of the Constitution. *Id.* ¶ 13. In 2020, Plaintiffs were civil immigration detainees at Butler County Jail pursuant to its contract with U.S. Immigration and Customs Enforcement. Doc. 36-7, PageID 755, 772. While detained, Plaintiffs allege that they were routinely and brutally beaten by Defendant Officers, including an "Officer Blankton" whose beatings left "Mr. Adem's face soaked" with blood. Compl., Doc. 1, ¶ 22. The original Complaint also misstated

Officer Blanton's name throughout the document sometimes referring to him as "Bankton" and at other times "Blankton," but always referring to the same individual. Compl., Doc. 1, ¶ 12 ("Officer Bankton is currently employed as a corrections officer at Butler County Jail."); *Id.* ¶ 17 ("Officer Blankton . . . entered Mr. Bayong's cell."). As it turns out, however, the correct spelling of the officer's last name is Blanton, not "Bankton" or "Blankton" as Plaintiffs mistakenly alleged in the original and Amended Complaints.

After Plaintiffs filed the original Complaint, Defendants, including "Corrections Officer Blanton," using the correct spelling of his name, executed a waiver of service stating the following on February 17, 2021:

> I have received your request to waive service of a summons in this action . . . I understand that I . . . waive any objections to the absence of a summons or of service. I also understand that I, or the entity I represent, must file and serve an answer . . . If I fail to do so, a default judgment will be entered against me or the entity I represent.

Doc. 7-1, PageID 36.

Officer Blanton's attorney signed the waiver of service on his behalf as is permitted under Rule 4(d). *See* Doc. 7-1. Subsequently, however, Defendants filed an Answer (Doc. 8) denying the existence of an Officer "Blankton" or "Bankton," without acknowledging that Officer Blanton worked at Butler County Jail and had been involved in the incidents which gave rise to Plaintiffs' Complaint. Doc. 8, ¶ 12 ("Defendants are unaware of an 'Officer Bankton' and . . . such an individual does not exist."); *Id.* ¶ 94 ("'Officer Blankton' and 'Officer Bankton,' . . . either does not exist or whose name is spelled incorrectly.'").

On April 4, 2023, the Court granted Plaintiffs' original motion for leave to file an Amended Complaint (Doc. 28) after Plaintiffs' request to clarify facts unrelated to Officer Blanton. Doc. 28, PageID 134–35; Notation Order, 4/4/23. Defendants answered the Amended Complaint on April 25, 2023, and again, alerted Plaintiffs that they were "unaware

of an 'Officer Blankton'" but still failing to acknowledge the existence of Officer Blanton and his involvement. Doc. 40, ¶ 11.

On April 14, 2023, Defendants moved for summary judgment. Doc. 38. Importantly, in the motion, Defendants acknowledge for the first time that Officer Blanton works for Butler County Jail and admitted that he was actively involved in the events giving rise to this suit. Doc. 38, PageID 954 ("[Officer] Blanton 'performed a takedown to gain control of inmate Adem,' which immediately secured Plaintiff Adem's compliance."). Despite this admission, Defendants maintain that Officer Blanton is not a defendant in this proceeding due to Plaintiffs' failure to correctly spell his name in the Complaint and Amended Complaint. *Id.*, PageID 967 ("To the extent this Court wishes to examine the actions of [Officer] Blanton, even though he is not actually a Defendant in this lawsuit, summary judgment should still be granted."). After Defendants moved for summary judgment, Plaintiffs filed a Second Motion for Leave to Amend Complaint to reflect the proper spelling of Officer Blanton's last name. Doc. 54. Defendants filed a response in opposition (Doc. 66) to which Plaintiffs replied (Doc. 69). The matter is now ripe for consideration.

## II.    LEGAL STANDARD

In general, Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be "freely give[n] when justice so requires. Fed. R. Civ. P. 15(a)(2). The rule embodies a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (citation omitted). Even in instances where amendment is not permitted as a matter of course it may still be allowed "with the opposing party's written consent or the court's leave." Rule 15(a)(2). However, denial of leave to amend "may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

4

deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Brown*, 814 F.3d at 443 (quoting *Davis*, 371 U.S. at 182).

## III.   LAW AND ANALYSIS

In the case at bar, Plaintiffs have asked the Court to allow them to amend the Complaint (for a second time) to correct the misspelling of the name of the officer at Butler County Jail who allegedly assaulted them while they were inmates in violation of their constitutional rights. Doc. 54. Here, the Complaint and Amended Complaint were directed to the intended party—Officer Blanton—but the documents contained a misnomer, misspelling his last name incorrectly as "Blankton" or "Bankton." *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1498.2 (3d ed.) ("A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect."). Rule 15(c)(1)(C) governs matters such as this. Specifically, the Rule allows an amended pleading to "relate back" to the date of a timely filed original pleading when certain conditions are met. *Kelter v. WASP, Inc.*, 5 F. Supp. 3d 856, 864 (W.D. Ky. 2014) ("The relation-back provisions of Rule 15(c)(1)(C) permit parties to correct misnomers or misdescriptions.").

Under Rule 15(c)(1)(C), "relation back" is allowed when the issues presented in the case relate to the conduct in the original pleading and the correct party is served within ninety days of the filing of the initial complaint pursuant to Rule 4(m).[2] *Lockhart v. Holiday Inn Exp.*

---

[2] The ninety-day rule allows the Court to determine whether the defendant would be prejudiced by an amendment due to lack of notice of the original action. *Anderson v. Clark*, No. 3:23-cv-209, 2024 WL 665544, at *4 (W.D. Ky. Feb. 16, 2024) ("[Plaintiff] . . . 'received such notice of the action that it will not be prejudiced in defending on the merits'").

*Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013). As noted by the Sixth Circuit in *Holiday Inn Exp. Southwind*, an amendment may be allowed under Rule 15(c)(1)(C), as long as that party receives notice of the action so that he will not be unfairly prejudiced in defending on the merits and the party knew or should have known the action would have been brought against him but for a mistake concerning the proper party's identity. *Id.* The decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Boone v. Stieve*, 630 F. Supp. 3d 881, 883 (E.D. Mich. 2022).

In support of the Motion, Plaintiffs make several arguments. First, Plaintiffs contend that the correct spelling of Officer Blanton's name was brought to their attention only after Defendants moved for summary judgment; second, Officer Blanton was on notice as to the claims against him; and finally, Defendants will not be prejudiced by the amendment as no trial date has been set in this case. Doc. 69, PageID 1831–32. Defendants, on the other hand, argue that Plaintiffs cannot show good cause to amend the Complaint for a second time since Plaintiffs were put "on notice" that Officers "Bankton" and "Blankton" did not exist based upon Defendants' answer filed April 13, 2021. Doc. 66, PageID 1681; Doc. 8, ¶ 94. Since discovery has closed and Defendants moved for summary judgment, they argue that denial of the amendment is warranted. Doc. 66, PageID 1682. Finally, Defendants contend that another amendment to the Complaint would be futile, given that the allegations in the Amended Complaint are without merit. *Id.* at 1684.

This case presents one where a second amendment to the Complaint is warranted by the facts. Defendants clearly had notice of the action and will not be unfairly prejudiced in

---

In 2015, the notice period outlined in Rule 4(m) was reduced from 120 to 90 days. Fed. R. Civ. P. 4(m) Advisory Comm. Notes (2015 Amend.) (designed to "reduce delay at the beginning of litigation.").

defending on the merits.  As an initial matter, the facts as alleged in the Complaints and the defenses raised in the motion for summary judgment describe similar events occurring at the same time by the same officer—Officer Blanton—misidentified by Plaintiffs as "Blankton" or "Bankton." Moreover, the original Complaint, Amended Complaint, and motion for summary judgment all describe Officer Blanton entering Plaintiffs' cells and ordering them to pack their stuff to be transferred to isolation, which led to a physical altercation between Officer Blanton and Plaintiff Adem. *Compare* Compl., Doc. 1, ¶ 22 ("Mr. Adem was also thrown to the ground, and he was beaten by Officer Blankton and A. Roberts."); Am. Compl., Doc. 37, ¶ 21 (same), *with* Doc. 38, PageID 954 ("[Officer] Blanton 'performed a takedown to gain control of inmate Adem.'").

Under the circumstances, it is beyond debate that all the parties in this proceeding well understood that Officer Blanton and "Blankton" or "Bankton" were one in the same person. For this reason, a second amendment to the Complaint at this stage in the proceedings would not deprive Defendants of notice of the allegations asserted in the Complaints such that they would suffer unfair prejudice or be hampered from defending against the allegations on the merits by a simple name change from "Blankton" or "Bankton" after admitting in their responses that Officer Blanton was the proper party.

Second, Officer Blanton received notice of the action within the ninety-day period pursuant to Rule 4(m).[3] Fed. R. Civ. P. 4(m), 15(c)(1)(C). In fact, Officer Blanton waived service of the Complaint on February 17, 2021, seventy-one days after the original Complaint

---

[3] Officer Blanton had notice of the action as evidenced by the waiver of service and therefore knew about the allegations against him. Doc. 7-1, PageID 36. However, if Plaintiffs had failed to serve Officer Blanton pursuant to Rule 4(m), the Court, at that point, would determine whether Plaintiffs could show "good cause" for the delay. Fed. R. Civ. P. 4(m); *Lockhart*, 531 F. App'x at 548. Here, the Court does not reach that question.

was filed. Doc. 7-1, PageID 36 (I have received your request to waive service of a summons in this action . . . I also understand that I, or the entity I represent, must file and serve an answer . . .").

Third, Officer Blanton knew or should have known that the Complaints would have included his name but for the misspelling. As noted, Officer Blanton concedes that he was actively involved in the altercation giving rise to this suit. Prior to the suit being filed in this case, Officer Blanton completed a jail incident report and subject management report detailing the altercation that occurred between him and Plaintiff Adem. Doc. 35-6, PageID 563, 584. So, prior to the lawsuit, Officer Blanton had reason to suspect that a future lawsuit concerning the altercations that occurred at the Butler County Jail on the date of his incident report with these specific Plaintiffs was not out of the question and might include him. Additionally, Defendants' counsel presented arguments in the motion for summary judgment clearly intended to benefit Officer Blanton and to defend against the substantive allegations presented in the Complaints directed at him. Doc. 38, PageID 967 ("Reacting to the threat, [Officer] Blanton 'performed a takedown to gain control of inmate Adem,' which immediately secured Plaintiff Adem's compliance."); *Id*. at 969 ("The reasonableness of [Officer] Blanton's actions is underscored by the 'legitimate interests that stem from [the] need to manage the facility . . .'").

Based on the allegations in the Complaints and Defendants' own responses, Officer Blanton and Defendants well understood that Officer Blanton was an intended party in this action. Under the circumstances, Officer Blanton knew that the Complaints were referring to him and would have included his name "but for a mistake." Rule 15(c)(1)(C)(ii); *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010); *Johnson v. Skolski*, No. 06-13904, 2007 WL

141961, at *3 (E.D. Mich. Jan. 16, 2007) ("[T]he more important point is not the [mis]spelling of the name, but the fact that the Plaintiff, the Defendants . . . all [knew]" who the plaintiff was referring to and what the allegations were).

Fourth, the requested amendment in no way prejudices any of the Defendants, including Officer Blanton. Though Plaintiffs may have been able to correct the spelling of the officer's name earlier in the proceedings had they scrutinized Defendants' Answer more carefully or made further inquiry during discovery, "delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Defendants place great reliance on *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), for the proposition that Plaintiffs' request for leave to amend the Complaint for a second time should be denied. Even so, the facts before this Court are distinct from those in *Duggins*. In that case, the Circuit affirmed the district court in denying the plaintiff's motion to amend because there was "at least some significant showing of prejudice" to the defendants. *Id*. (*quoting Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986). There, as in this case, the plaintiff sought an amendment after the discovery deadline had passed and after a summary judgment motion had been filed. *Id*. That is where the similarities end. Though the deadline for discovery has passed and Defendants have since moved for summary judgment in this case, Officer Blanton knew all along that he was a Defendant in this action, which is evidenced by his waiver of service acknowledging his defendant status on February 17, 2021, shortly after the original Complaint was filed. Doc. 7-1, PageID 36.

Beyond that, in *Duggins*, the plaintiff sought leave in order to add *new claims* to the Complaint. *Duggins*, 195 F.3d at 833. No such efforts are being undertaken by Plaintiffs in this case. Here, Plaintiffs seek only to correct a technical misnomer—the spelling of Officer

Blanton's last name—and in no way are they seeking to add any *new claims* or causes of action. Specifically, Plaintiffs ask to change the spelling of the officer's name from "Blankton" or "Bankton" to the correct spelling of *Blanton*. These names are so similar—and Officer Blanton's involvement is so apparent, corroborated by the incident report he filed—that it is hard to imagine how neither he nor any of the other Defendants can express surprise or unfair prejudice because Officer Blanton is now being named as a defendant in this case. *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001) ("[T]he officers received clear notice from the beginning that they faced individual liability of some sort for the conduct of which [plaintiff] complains, and have thus not been denied an opportunity to retain individual counsel or prepare a defense."). Because Officer Blanton received clear notice of the action and waived service of the Complaint (Doc. 7-1, PageID 36), he cannot now claim prejudice or surprise by the efforts at correcting the spelling of his last name.

Lastly, Defendants' summary judgment motion addressed the substantive allegations against Officer Blanton contained in the Amended Complaint regarding his altercation with Plaintiff Adem. Doc. 38, PageID 967 ("[Officer] Blanton was forced to make a split-second decision in a tense, increasingly dangerous situation, triggering an Eighth Amendment analysis and the protections of qualified immunity."). As such, the typical disadvantages that would normally concern a new defendant, like surprise or having to develop a defense last minute with limited time, are not present here. Officer Blanton was clearly made aware of the allegations against him, was not surprised, and was clearly prepared and did in fact defend himself in this action based on the arguments raised by his attorneys in the motion for summary judgment. *Id*. Because Plaintiffs proposed second amended complaint would result

in no change to the merits of the action nor unfairly prejudice Defendants, the requested leave to amend "should, as the rules require, be 'freely given.'" *Davis*, 371 U.S. at 182.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Second Motion for Leave to Amend Complaint (Doc. 54) is **GRANTED**.

**IT IS SO ORDERED.**

February 19, 2026

Jeffery P. Hopkins
United States District Judge